### THE DORCHESTER.

### THE FANNIE S. GROVERMAN.

(Circuit Court of Appeals, Fourth Circuit. December 12, 1908.)

No. 858.

COLLISION (§ 99*) — STEAMER AND SAILING VESSEL — FAILURE TO KEEP PROPER LOOKOUT.

A decree affirmed which adjudged a steamship solely in fault for a collision with a small schooner at night in the Elizabeth river near Norfolk, based on findings that the schooner carried proper lights, and that they should have been seen by the steamer in time to have avoided the collision had she kept a proper lookout.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 211; Dec. Dig. § 99.*

Signals of meeting vessels, see note to The New York, 30 C. C. A. 630.]

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk.

For opinion below, see 163 Fed. 779.

Robert M. Hughes, for appellant.

W. W. Old and W. W. Old, Jr. (James F. Duncan, on the brief), for appellees.

Before GOFF, Circuit Judge, and MORRIS and BRAWLEY, District Judges.

PER CURIAM. This is a case of collision in the nighttime between a large passenger steamship and a small schooner-rigged sailing vessel of only seven tons, occurring in the channel of the Elizabeth river about one mile south of the Deep Water Pier of the Jamestown Exposition shortly after midnight on September 12, 1907. The steamship struck the schooner amidship on her port side and cut her in two, her forward part passing the steamship on the steamship's port side, and the after portion of the schooner passing on the steamship's

---

starboard side. The three persons who constituted the schooner's captain and crew were thrown into the water, but were rescued, and John B. Lawson, who was a passenger, was severely injured. The District Judge found the steamship solely in fault, and decreed against her for the value of the schooner and her cargo, and awarded damages to Lawson, the passenger who was injured.

There are only two matters found by the District Judge which are controverted on this appeal. The first is whether or not the red light, which it is proved the sail vessel had in her port rigging, was bright enough to be seen at a sufficient distance to give notice to the steamship in time to avoid her, and the other is at what distance the sail vessel or her red light was actually seen, or should have been seen, by those navigating the steamship. On both these matters of fact the learned District Judge found for the schooner. Although there was a conflict of testimony, there was ample proof to sustain the libelant's contention that the schooner's red light was visible if the lookout of the steamship had performed his duty at a distance sufficient to have enabled the steamship to have avoided the schooner if she had ported instead of starboarding and attempting to cross the schooner's bow.

After a consideration of the testimony, aided by the argument of counsel, we are satisfied the conclusions of the learned District Judge were right, and that the decree should be affirmed.